UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                              Plaintiff              DECISION AND ORDER

-vs-
                                                     11-CV-6232  CJS

KAREN MCDERMOTT, et al.,

                              Defendants

_____


APPEARANCES

For Plaintiff:          Gary M. Kanellis, Esq.
                        Shapiro DiCaro & Barak, LLP
                        250 Mile Crossing Boulevard, Suite One
                        Rochester, New York 14624


For Defendants:         Stephen D. Rogoff, Esq.
                        One East Main Street
                        Suite 610
                        Rochester, New York 14614


INTRODUCTION

        This is an action to foreclose a mortgage, pursuant to Article 13 of the New York

Real Property Actions and Proceedings Law ("RPAPL").  Now before the Court is Plaintiffs'

motion for summary judgment [#18].  The application is denied, and this action may be

dismissed unless Plaintiff shows cause in writing, on or before March 30, 2012, why the

action should not be discontinued due to Plaintiff's failure to comply with New York Real

Property Actions and Proceedings Law ("RPAPL") § 1304.

BACKGROUND

The primary issue before the Court is whether Plaintiff complied with RPAPL §
1304, which requires that a form notification be given to mortgage debtors prior to
commencing a foreclosure action. The required notice includes the following language:
"You can cure this default by making the payment of . . . . . dollars by . . . . ."  At least one
New York court has referred to this section as providing the debtor with "a right to cure."
*See, Aurora Loan Servs., LLC v. Weisblum*, 85 A.D.3d 95, 104, 923 N.Y.S.2d 609 (2d
Dept. 2011) (Indicating that a notice under RPAPL § 1304 must contain language
concerning, *inter alia*, "the homeowner's right to cure a default.")  Moreover, compliance
with RPAPL § 1304 is a condition precedent to the commencement of a foreclosure
action, and "the plaintiff has the burden of establishing satisfaction of this condition."
*Aurora Loan Servs., LLC v. Weisblum*, 85 A.D.3d at 98, 106 (citations omitted).

In the instant case, on December 20, 2010, Plaintiff served a § 1304 notice on
Defendant Karen McDermott which stated, in pertinent part:

> As of December 20, 2010, you home loan is 183 days in default.  Under
> New York State Law, we are required to send you this notice to inform you
> that you are at risk of losing your home.  *You can cure this default by making
> the payment of $7,372.69 dollars by December 31, 2010*.

Docket No. [#19] at pp. 109-110 (emphasis added).  It is undisputed that upon receiving
this notice, Defendant had sufficient funds to pay $7,372.69, and that she retained an
attorney "to contact the Plaintiff and tender such $7,372.69 to avoid foreclosure."
McDermott Aff. [#27] at ¶ 7.  Subsequently, the attorney made a timely attempt to tender
that amount to Plaintiff.  However, Plaintiff's representative refused to accept the tendered
amount.

On May 2, 2011, Plaintiff commenced this action, and on June 2, 2011, Defendant filed and served an Answer [#10].  On August 2, 2011, Plaintiff filed the subject motion for summary judgment, on the grounds that Defendant has failed to make payments as required by the subject promissory note and mortgage.  In that regard, Plaintiff notes that Defendant has been arrears on at least two prior occasions, and that Plaintiff has twice allowed Defendant to re-amortize the loan to avoid foreclosure.

In opposition to the summary judgment motion, Defendant indicates that she attempted to cure the default as described above, but that Plaintiff refused to accept her payment.  Defendant further indicates that she has deposited the sum of $9,000.00 into her attorney's trust account, for use in curing the default.  In addition, Defendant states that Plaintiff has refused to accept "present and future installment payments." McDermott Aff. [#27] at ¶ 10.

In reply, Plaintiff does not dispute that Plaintiff tendered the amount specified in the notice.  Instead, Plaintiff indicates that it was entitled to refuse Defendant's tender.  In addition, Plaintiff indicates that the *current* amount of arrears is $20,187.81, which is substantially more than the amount that it previously demanded to cure the default, and that Plaintiff has not shown that she is capable of paying that amount.

## ANALYSIS

Summary judgment may not be granted unless "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a).  A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  "[T]he movant must make a prima facie showing that the standard for

obtaining summary judgment has been satisfied." 11 MOORE'S FEDERAL PRACTICE, §

56.11[1][a] (Matthew Bender 3d ed.).

The underlying facts contained in affidavits, attached exhibits, and depositions,

must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*,

369 U.S. 654, 655 (1962).  Summary judgment is appropriate only where, "after drawing all

reasonable inferences in favor of the party against whom summary judgment is sought, no

reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988

F.2d 303, 308 (2d Cir.1993).

Here, Plaintiff apparently gave Defendant the notice required by RPAPL § 1304, but

then prevented Defendant from exercising the right to cure that was described therein.

However, while RPAPL § 1304 does not expressly state that the mortgage holder is

required to accept the defendant's tender of the amount specified in the notice, that fact is

obviously implied, or else the notice would be meaningless.

In its memo of law in support of summary judgment, Plaintiff argues that it was

entitled to reject Defendant's tender, for the following reason:

> [I]t is well settled under New York Law that a mortgagee is not required to
> accept an insufficient tender of payment of arrears. Bankers Trust Co. v.
> Hoovis, 263 A.D.2d 937; 694 N.Y.S.2d 245 (N.Y. App. Div. 3d Dept. 1999).
> Moreover, after issuing a notification of acceleration of the entire debt, a
> mortgagee has the right to reject payment of partial or full arrears, even
> when a foreclosure actions [sic] has not bee[n] commenced. Id.  Here,
> Plaintiff sent a notice of acceleration on 12/20/2010.  At such time, Plaintiff
> was fully entitled to refuse any payments that would not bring the loan
> current pursuant to the acceleration letter.

Pl. Memo of Law at pp. 3-4.  The record, though, before the Court does not contain a

"notice of acceleration."  Instead, the only document dated "12/20/2010" is the

4

aforementioned notice that was required by RPAPL § 1304, which does not refer to acceleration of the loan.  Additionally, it is unclear how the *Bankers Trust* case, which pre-dates the adoption of RPAPL § 1304, would pertain to this situation, since Defendant timely tendered the exact amount which Plaintiff demanded.

For all of the foregoing reasons, the Court finds that Plaintiff has not shown that it is entitled to judgment as a matter of law.

CONCLUSION

Plaintiff's motion [#18] for summary judgment is denied.  **Plaintiff is hereby directed to show cause in writing, on or before April 6, 2012, why this action should not be dismissed for failure to comply with RPAPL § 1304.** *See, Aurora Loan Servs., LLC v. Weisblum*, 85 A.D.3d at 98 ("[P]laintiff failed to establish compliance with RPAPL 1304, requiring dismissal of the complaint insofar as asserted against the mortgagors.").

SO ORDERED.

Dated:      Rochester, New York
            March 6, 2012

                                        ENTER:


                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge